UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID ANGELUCCI and KATHLEEN ANN
ANGELUCCI, his wife,

                Plaintiffs,

vs.                                            Case No. 3:08-cv-660-J-20MCR

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a foreign corporation,

                Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel (Doc. 108) filed October 6, 2011. Defendant filed a response in opposition to Plaintiffs' Motion on October 7, 2011 (Doc. 110). Accordingly, this matter is now ripe for judicial review.

**I.    BACKGROUND**

Plaintiffs request this Court enter an Order compelling Defendant to provide certain discovery, specifically videotape surveillance of Plaintiff David Angelucci. (Doc. 108). Defendant acknowledges that it did obtain surveillance video of Plaintiff and utilized such surveillance during the first trial of this matter in December 2009 (the "2009 surveillance video"). (Doc. 110, ¶ 3). However, according to Defendant, it has provided Plaintiffs with a copy of the 2009 surveillance video. (Id. at ¶ 4).

On August 26, 2011, Plaintiffs propounded additional discovery requests upon Defendant seeking production of any new surveillance video obtained of Plaintiff since

the December 2009 trial (the "2011 surveillance video"). (Id. at ¶ 5). On October 4, 2011, Defendant responded to Plaintiff's request by indicating an objection that such materials were protected under the work-product privilege. (Id. at ¶ 6).

## II.  ANALYSIS

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986-87 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.[1]

Here, Defendant asserts that it does not intend to use the 2011 surveillance video for trial. (Doc. 110, p. 3). Therefore, the video remains protected by the attorney work product which is not discoverable absent extraordinary circumstances which warrant violation of the work product privilege. See Dodson v. Persell, 390 So.2d 704 (Fla. 1980). The Court finds, and Plaintiffs have offered, no extraordinary circumstances requiring the disclosure of the 2011 surveillance video.[2]

---

[1]Motions to compel disclosures and other discovery under Federal Rule of Civil Procedure 37(a) are committed to the sound discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

[2]On October 5, 2011, Defendant's counsel provided written confirmation to Plaintiffs' counsel
(continued...)

**III.    CONCLUSION**

Accordingly, after due consideration, it is

**ORDERED**

Plaintiffs' Motion to Compel (Doc. 108) is **DENIED.**[3]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of

October, 2011.

                                                          *Monte C. Richardson*
                                                    MONTE C. RICHARDSON
                                                    UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[2](...continued)
that the only surveillance video intended for use during trial by Defendant would be the original 2009 surveillance video, which was previously provided. (Doc. 110-A). Additionally, Defendant has not listed the 2011 surveillance video on any pre-trial witness or exhibit list.

[3]Neither party is awarded attorneys' fees and costs.