UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID ANGELUCCI and KATHLEEN ANN
ANGELUCCI, his wife,

    Plaintiffs,

vs.            Case No. 3:08-cv-660-J-20MCR

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a foreign corporation,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Compel (Doc. 114) filed October 11, 2011. On October 14, 2011, Defendant filed a response in opposition to Plaintiffs' Motion (Doc. 116). Accordingly, this matter is now ripe for judicial review.

**I. INTRODUCTION**

  This is an action for uninsured motorist benefits for injuries sustained in a motor vehicle accident. Defendant, GEICO, obtained videotape surveillance of Plaintiff, David Angelucci, on July 17 and 18, 2009 and utilized such surveillance at the first trial of this case in December 2009. A defense verdict was rendered by the jury and judgment entered thereon. The U.S. Eleventh Circuit Court of Appeals reversed the defense verdict and remanded the case for a new trial which is currently scheduled to begin the week of November 14, 2011.

On August 26, 2011, Plaintiffs served Defendant with Interrogatories requesting whether Defendant conducted video surveillance after July 2009.[1] (Doc. 114-A). On October 11, 2011, this Court denied Plaintiffs access to such video surveillance based on work product privilege. (Doc. 111). However, Plaintiffs proceeded to bring the instant Motion to Compel arguing they "are still entitled to know *formally* whether such new videotape exists." (Doc. 114, ¶ 4).

## II.   ANALYSIS

Plaintiffs' written interrogatories were propounded under Federal Rule of Civil Procedure 33, which provides:

> (b)(4) Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

At no time have Plaintiffs alleged that Defendant's interrogatory response is evasive or incomplete. Indeed, Defendant's response clearly states: "Objection. Work product privileged." (Doc. 114-B).

Additionally, Defendant has already disclosed the existence of a 2011 surveillance video and has repeatedly stated its intent not to use such video at trial.[2]

---

[1] The Court notes that Plaintiff served this discovery request on the date discovery was ordered to close. See (Doc. 100).

[2] If the defense does not intend to utilize the surveillance video at trial, the video remains protected by the attorney work product which is not discoverable absent extraordinary circumstances which warrant violation of the work product privilege. See Dodson v. Persell, 390 So.2d 704 (Fla. 1980).

See (Docs. 110, 116). In their motion, Plaintiffs provides no legal authority requiring the disclosure of work product privileged materials.

### III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**

Plaintiffs' Motion to Compel (Doc. 108) is **DENIED.**[3]

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 17th day of October, 2011.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[3] Pursuant to Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(A), (B). When such motion is denied, the court "must ... require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the court should not order payment "if the motion was substantially justified or other circumstances make an award of expenses unjust." Id. "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846, 853 (11th Cir. 1997) (citation omitted). Applying this standard, the Court finds reasonable people could differ as to the appropriateness of Plaintiffs' Motion. The Court will therefore decline to award Defendant any expenses or fees incurred in responding to Plaintiffs' Motion.